# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>        Plaintiff,<br><br>   vs.<br><br>DANIEL BYRON KREVITSKY, et al.,<br><br>        Defendants. | Case No.: 1:12cv01466 AWI DLB<br><br>ORDER REMANDING ACTION TO STATE COURT |

Daniel Byron Krevitsky ("Krevitsky"), proceeding pro se, removed this action from Tuolumne County Superior Court on September 7, 2012.

The underlying complaint is an unlawful detainer action filed by Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") on August 27, 2012, in Tuolumne County Superior Court. Deutsche Bank proceeds against Defendants Travis Davis, Cody Crisnell and Does 1-5.

Krevitsky filed an answer and cross-complaint in state court on September 4, 2012.

## DISCUSSION

   A. Procedural Defects

Krevitsky improperly removed this action from state court. Title 28 of the United States Code, section 1446 establishes the procedure for removal of civil actions and vests the right to

1

remove court civil actions in a defendant or defendants. 28 U.S.C. § 1446(a). Based on the record before the court, Krevitsky does not appear to be a named defendant in the underlying state court action. Accordingly, he does not have standing to remove the action.

Insofar as Krevitsky purports to remove the action on behalf of the named defendants, he may not do so. Section 1446 expressly requires that all defendants who have been properly joined and served must join in or consent to the removal of this action. 28 U.S.C. § 1446(b). The record provides no evidence that Defendants Davis or Crisnell have joined in or consented to removal. Moreover, there is no indication that they even have been served with the underlying complaint.

### B. Lack of Removal Jurisdiction

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The removal statutes are strictly construed against removal and place the burden on defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Krevitsky seeks removal based on federal question jurisdiction. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S.Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

Krevitsky has failed to demonstrate that the action arises under federal law. Plaintiff Deutsche Bank's complaint asserts only a cause of action for unlawful detainer. An unlawful

detainer action arises under state law and does not involve any federal claims.  Krevitsky cannot predicate federal jurisdiction on his purported answer and cross-complaint.  Accordingly, the court lacks subject matter jurisdiction over the underlying action.

## **ORDER**

For the reasons stated, the Court ORDERS that this action be REMANDED to Tuolumne County Superior Court.

IT IS SO ORDERED.

Dated:   **September 12, 2012**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE