# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>     Plaintiff,<br><br>  v.<br><br>DANIEL BYRON KREVITSKY, et al.,<br><br>     Defendants. | 1:12-cv-1466 AWI DLB<br><br>ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION AND REQUEST FOR ENTRY OF DEFAULT<br><br>(Doc. Nos. 4, 5) |

  This is a simple unlawful detainer action that was improperly removed from the Tuolumne County Superior Court by pro se Defendant Daniel Byron Krevitsky on September 7, 2012. See Doc. No. 1. Krevitsky filed an application to proceed in forma pauperis on the same day that he removed the action. See Doc. No. 2. However, on September 12, 2012, the Magistrate Judge remanded the case back to the state court. See Doc. No. 3.

  On October 4, 2012, Krevitsky filed a motion to reconsider or recall the remand order. See Doc. No. 4. On October 9, 2012, Krevitsky filed a motion for entry of default due to Plaintiff's failure to answer a counterclaim. See Doc. No. 5.

*Discussion*

  The remand order in this case was pursuant to 28 U.S.C. § 1447(c), i.e. a lack of subject matter jurisdiction. See Doc. No. 3.

  When there is an absence of subject matter jurisdiction in a removed case, 28 U.S.C. § 1447(c) creates a mandatory duty – the federal court must remand the case back to the state court. See 28 U.S.C. § 1447(c); Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997). Relatedly, 28

U.S.C. § 1447 provides in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[1] 28 U.S.C. § 1447(d). Thus, 28 U.S.C. § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by extraordinary writ or by any other means." Whitman v. Raley's Inc., 886 F.2d 1177, 1180 (9th Cir. 1989). The Ninth Circuit has held that § 1447(d) precludes "not only appellate review but also reconsideration by the district court." Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988). Relying on *Seedman*, at least one court in the Ninth Circuit has held that the "event that divests the district court of jurisdiction is the mailing of the certified copy of the order of remand to the clerk of the state court." MacLeod v. Dalkon Shield Claimants Trust, 886 F.Supp. 16, 19 (D. Or. 1995) (citing Seedman, 837 F.2d at 414).

Here, Krevitsky does not cite or acknowledge 28 U.S.C. § 1447(c) or § 1447(d) in his motion, but instead argues that the Tuolumne County Superior Court lacks subject matter jurisdiction. Nonetheless, this case was remanded to the Tuolumne County Superior pursuant to 28 U.S.C. § 1447(c) on September 12, 2012, the order was mailed to the Tuolumne County Superior Court the same day, and this case closed the same day. Therefore, pursuant to 28 U.S.C. § 1447(d), this Court does not have the authority to recall the remand order or to reconsider the remand order. See Whitman, 886 F.2d at 1180; Seedman, 837 F.2d at 414; MacLeod, 886 F.Supp. at 18-19. Krevitsky's requests to reconsider or to recall the remand order will be denied.

As for Defendant's request for an entry of default, such a request is improper. This case was remanded and closed, and this Court was divested of further authority, all on September 12, 2012. This case has ended. In this Court, Plaintiff is under no obligation to answer Krevitsky's counterclaim. Krevitsky's request for entry of default will be denied.

Finally, Krevitsky requests that, in the event that reconsideration is denied, that Document No. 4 be considered a notice of appeal. Because Defendant is pro se, the Court will

---

[1] Section 1447(d) provides an exception for cases that were removed pursuant to 28 U.S.C. § 1442 or § 1443. However, this case was removed pursuant 28 U.S.C. § 1441. See Doc. No. 1.

consider Document No. 4 to be a timely filed Rule 59 motion. With the filing of this order, Krevitsky's Rule 59 motion is resolved, and the time for filling an appeal runs from the date of entry of this order. See Fed. R. App. Pro. 4(a)(4). If he wishes to file an appeal, Krevitsky shall follow all applicable rules and file a separate document that is entitled "Notice of Appeal" within the time limits set by Federal Rule of Appellate Procedure 4.

Additionally, as indicated above, Plaintiff requested to proceed in forma pauperis after removing this case. See Doc. No. 2. It is not necessary to resolve that request. Pursuant to 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Here, the remand order's analysis is correct – Krevitsky's removal of this case was improper, and this Court lacks subject matter jurisdiction. See Doc. No. 3. Remand of this case was mandatory. See Bruns, 122 F.3d at 1257. In light of the clarity of the law and the basis for remand, the Court hereby certifies that an appeal taken from the remand order (Doc. No. 3) would be frivolous and would not be taken in good faith. See 28 U.S.C. §§ 1447(c), (d); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Bruns, 122 F.3d at 1257; Whitman, 886 F.2d at 1180; Seedman, 837 F.2d at 414.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration and recall (Doc. No. 4) is DENIED;
2. Defendant's request for entry of default judgment is DENIED (Doc. No. 5);
3. The Court certifies that an appeal taken with respect to the remand order (Doc. No. 3) would be frivolous and not made in good faith, as per 28 U.S.C. § 1915(a)(3); and
4. The Court will not accept any further motions for reconsideration in this closed and remanded case.

IT IS SO ORDERED.

Dated:   October 11, 2012

CHIEF UNITED STATES DISTRICT JUDGE